STATE of Maine

v.

Sherwood K. WILLIAMS.

Supreme Judicial Court of Maine.

Argued June 6, 1983.

Decided July 13, 1983.

Paul Aranson, Dist. Atty., Bethanne Poliquin, Asst. Dist. Atty., Thomas A. Dyhrberg, Law Student Intern (orally), Portland, for plaintiff.

Richard B. Romanow (orally), Portland, for defendant.

Before McKUSICK, C.J., GODFREY, NICHOLS, ROBERTS, and VIOLETTE, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

After a trial in Superior Court (Cumberland County), a jury convicted the defendant of violation of 17–A M.R.S.A. § 755 (1983), Escape. On appeal, the defendant argues that the presiding justice committed reversible error by excluding testimony relating to a previous Rule 11 proceeding in which the defendant pleaded guilty to prior charges of burglary and theft. Trial counsel's apparent intention was to establish through the excluded testimony that, even though the defendant had pleaded guilty to the charge, he had expected his attorney to appeal the burglary conviction. According to the defense theory at trial, when the defendant on April 25, 1981, learned that no appeal was pending, "something had to happen in his mind" and the defendant, without authorization, left the Maine Correctional Center, where he was serving his five-year sentence for the burglary and theft convictions.

On direct examination, counsel for the defendant Williams asked him to describe what had occurred at the prior Rule 11 proceeding. The State objected on the basis of irrelevance and a bench conference

followed. During that conference, defense counsel did not disclose what the substance of the defendant's testimony would be with regard to the Rule 11 proceeding, nor did defense counsel request a voir-dire of the defendant. Rather, defense counsel endeavored to show the relevancy of the discovery of the non-pendency of the burglary appeal to the defendant's state of mind at the time of his departure from the place of incarceration.

Under M.R.Evid. 103(a)(2), unless apparent from the context of the questioning, the substance of the excluded evidence must be made known to the court by an offer of proof. Defense counsel's assertions at the bench conference in support of the admissibility of the proffered evidence merely informed the presiding justice that the defendant was upset when he learned that his burglary conviction, for which he was then incarcerated, would not be appealed. That purported offer of proof did not disclose what the defendant's response would have been to the pending question regarding the Rule 11 proceeding.

■ An offer of proof must not only detail the proposed testimony but must also support the admissibility of that testimony. *State v. Mahaney,* 437 A.2d 613, 616 (Me. 1981). When an objection is made, the party seeking admission of some particular evidence must make such an adequate offer of proof that the trial court may be *fully advised* as to the relevancy and admissibility of the proposed testimony. *State v. Gervais,* 317 A.2d 796, 803 (Me.1974). In the instant case, trial counsel's statements were woefully inadequate to constitute a valid offer of proof in compliance with the rule. Furthermore, the breadth of the question suggests in itself the doubtful relevancy and admissibility of the intended evidence, the exclusion of which under the circumstances was a proper exercise of discretion on the part of the presiding justice. *See State v. Flemming,* 409 A.2d 220, 224 (Me. 1979); *State v. Lewisohn,* 379 A.2d 1192, 1202 (Me.1977); *State v. Northup,* 318 A.2d 489, 493 (Me.1974). There was no abuse of discretion in the trial court's decision to exclude this evidence.

■ Indeed, even given an adequate offer of proof it is difficult to determine what relevance, if any, Williams' potential testimony would have had in casting any doubt respecting Williams' conscious awareness of his leaving official custody or the voluntariness of his departure from the Maine Correction Center where he was being detained under his burglary conviction. Whatever may have transpired at the Rule 11 proceeding held in connection with the burglary charge and whatever mental frustration may have developed from receiving the information that no appeal had been taken from that conviction, such evidence carried no potential to generate any doubt that Williams consciously knew and intended the consequences of his action. As stated in *State v. Mishne,* 427 A.2d 450, 457 (Me. 1981), the only doubt which might have been raised by such evidence would have been as to the defendant's capacity to conform his conduct to the law, which was not an issue in the case. There is no suggestion that such evidence of mental frustration materially affected the defendant's capacity to form an intent to leave the Correctional Center. *See State v. Heald,* 443 A.2d 954, 956 (Me.1982).

The entry will be:

Judgment affirmed.

All concurring.