### STATE of Maine

v.

### Kevin Lee ALBERT, Sr.

Supreme Judicial Court of Maine.
Argued June 5, 1985.
Decided July 26, 1985.

Janet T. Mills, Dist. Atty., Mark A. Beede, Asst. Dist. Atty. (orally), Auburn, for plaintiff.

Jane Andrews (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

After a jury trial in Superior Court (Androscoggin County), in which the Defendant, Kevin Lee Albert, Sr., was convicted of Class A gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983),[1] he asserts on

---

1. 17–A M.R.S.A. § 253 (1983) provides in pertinent part that a person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and
 B. The other person has not in fact attained his 14th birthday.

appeal (a) that the Superior Court erred in applying M.R.Evid. 412 to exclude evidence of the victim's past sexual behavior, and (b) he further asserts that the court failed to respond sufficiently to the jury's request to have certain testimony read back.

We find no error and affirm the judgment of conviction.

The following evidence was produced at trial. On or about August 19, 1984, the nine-year-old victim was playing with a friend near her home in Lewiston. The two were approached by another young friend who asked if they wanted to play hide-and-seek in the Defendant's apartment. They walked upstairs to the Defendant's apartment; the victim found the door open and stepped in, and her friends remained outside counting as part of the game. The victim testified that the Defendant appeared from behind a curtain, wearing only a shirt and no pants. She was told to remove her clothes and, after complying with that command, the alleged sexual misconduct ensued.

When the next day the victim told her mother what had happened, the mother contacted the police. The victim was promptly brought to the Central Maine Medical Center where she was examined by a physician, whose testimony at trial was consistent with the alleged sexual misconduct.

As the trial progressed the Defendant attempted to elicit evidence of the victim's past sexual behavior through testimony of the victim's mother and a school teacher of the victim. In cross-examination the victim's mother was asked whether the victim "[had] been sexually abused in the past." When the State objected to this question and a bench conference was held, the defense counsel declared that evidence of the victim's past sexual behavior was designed to prevent the jury from assuming that the victim was so innocent that she could not have fabricated her charge against the Defendant. Defense counsel added:

> I also will be pursuing at a later time the fact [the victim] has masturbated and the mother was concerned she might have injured her hymen on an earlier date and the mother was preoccupied with the daughter's sexuality.

The court sustained this objection on the basis of Rules 412 and 403, M.R.Evid.

Significantly, there is in the record no offer of proof by defense counsel pursuant to M.R.Evid. 103,[2] which might now support a conclusion that the Superior Court abused its discretion in excluding evidence of the victim's past alleged sexual behavior. In making an offer of proof the party offering the evidence must ensure that the trial court is *"fully advised* as to the relevancy and admissibility of the proposed testimony." *State v. Williams,* 462 A.2d 491, 492 (Me.1983) (emphasis in original); *see also State v. Johnson,* 472 A.2d 1367, 1372 (Me.1984). This was not done. It would be inappropriate for us to overlook this lack of so essential a foundation. *See United States v. Nez,* 661 F.2d 1203, 1206 (10th Cir.1981). In contrast to the offer of proof made by defense counsel in *State v. Davis,* 406 A.2d 900, 901 (Me.1979), here defense counsel did not, as was required of him by M.R.Evid. 103(a), make known to the court the substance of the mother's testimony that was to be used to establish what the Defendant claimed was the victim's lack of innocence.

Moreover, defense counsel's statements did not establish the admissibility of this

---

**2.** The pertinent language of Rule 103 provides:
(a) **Effect of erroneous ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(2) *offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

evidence of the victim's past sexual behavior under M.R.Evid. 412,[3] which is often termed the "rape shield" rule. Defense counsel did not clearly link his proposed line of questioning to the victim's injuries. Notwithstanding this absence of an adequate offer of proof, Rule 403, requiring consideration of the danger of unfair prejudice, applies even to evidence made specifically admissible by Rule 412. *See United States v. One Feather*, 702 F.2d 736, 739 (8th Cir.1983) (policy behind Rule 412 may be considered in determining the amount of unfair prejudice under Rule 403).

 The defense counsel's offer of proof concerning the substance of the proposed testimony of the victim's teacher reveals no evidence admissible under Rule 412. It was evident that the teacher did not recall or have personal knowledge of several incidents which the Defendant was striving to bring before the jury. She described only one episode of sexual behavior on the school playground and in that incident the victim was not an active participant. There was no error in the trial court's ruling that the proposed testimony was inadequate to show a habit on the part of the victim that might be admissible under M.R.Evid. 406

and that the same testimony had no bearing on the issue of the source of the victim's injury under M.R.Evid. Rule 412(b).

 Finally, adverting to the Defendant's argument that it was error for the trial judge not to have read back to the jury still more of the victim's testimony and the testimony of another witness, there was no error. The record shows that the testimony read by the court reporter was sufficient to inform the jury of "[the victim's] testimony from the time she entered the apartment to the time she left." *See State v. Engstrom*, 453 A.2d 1170, 1173 (Me.1982). Such had been the jury's precise request, and the trial judge complied.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** M.R.Evid. 412 provides:

(a) In a criminal case in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, reputation or opinion evidence of past sexual behavior of an alleged victim of such crime is not admissible.
(b) In a criminal case in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, the only evidence of a victim's past sexual behavior that may be admitted is the following:

(1) Evidence of specific instances of sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
(2) Evidence of specific instances of sexual behavior with the accused offered by the accused on the issue of whether the alleged victim consented to the sexual behavior with respect to which the accused is charged.