**STATE of Maine**

**v.**

**Richard GAGNE.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1988.

Decided Jan. 5, 1989.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Penobscot County Courthouse, Bangor, for plaintiff.

Norman S. Heitmann (orally), Gilbert & Heitmann, Bangor, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

This case involves the same family of children and the same victim as *State v. Perry*, 552 A.2d 545 (Me.1989). Richard Gagne was tried to a jury (Penobscot County; *Chandler, J.*) and convicted of six counts of gross sexual misconduct. 17–A M.R.S.A. § 253 (1983 & Supp.1988). Gagne, like Perry, challenges the Superior Court's restrictions on access to records of the Bangor Police Department and the Department of Human Services (DHS). He also argues that the trial court erred in denying his motion for judgment of acquittal that the court's restriction on the scope of his cross-examination violated due pro-

cess; that he should have been granted a new trial due to ineffective assistance of counsel; and that the court erred in denying his motion for a bill of particulars. We affirm.

Gagne's first argument raises the same issue concerning restriction of discovery materials as was raised and resolved in *State v. Perry*, 552 A.2d at 547 (Me.1989). Our analysis and resolution of the issue here are the same as in *Perry*.

■ Gagne argues that his motion for judgment of acquittal should have been granted because of inadequate identification. The evidence established that Gagne lived with the victim's family for a time. The victim's brother testified that he saw Gagne go into his sister's bedroom and come out later, buttoning his shirt. The victim identified Gagne by name but was unable to pick him out in the court room. Her brother, on the other hand, identified Gagne in the court room by his appearance. Gagne challenges the identification because the bedroom was also the route to the household kitchen and the brother did not remember any unusual physical characteristics, whereas Gagne lacks his right ear and has a large tattoo on one arm, a scar on the other arm and a scar on his knee. Ambiguities such as these are for the jury to resolve. Certainly there was sufficient evidence for the jury to conclude beyond a reasonable doubt that Gagne was the perpetrator.

■ Gagne argues that he was also denied due process of law by the trial court's restriction on the scope of his cross-examination. The court prevented him from asking the victim the names of other individuals who may have abused her but who were not present at the time of the Gagne incidents. This restriction applied only to the victim's testimony. Gagne was not prevented from asking other witnesses these questions. The trial court order also did not prevent Gagne from questioning the victim about any people who Gagne felt may have been mistakenly identified as him. We conclude that it was not an abuse of discretion under M.R.Evid. 403 for the trial court to restrict the testimony of this child witness to incidents directly concerning this defendant or persons who may have been mistaken for him rather than permit the testimony to range far afield to other incidents not involving this defendant. *See State v. Day*, 538 A.2d 1166, 1167 (Me.1988).

As part of his motion for a new trial, Gagne challenged the effectiveness of his counsel. We have previously held that "[r]eview of a criminal judgment on direct appeal extends to examination of a claim of ineffective assistance of counsel on a new trial motion, provided that the record is adequate for review of that issue without further evidentiary hearings." *Kimball v. State*, 490 A.2d 653, 658 (Me.1985). Here, Gagne received an evidentiary hearing in connection with his motion for a new trial. He was represented there by a new lawyer and the trial court had the opportunity to confront the issues. We review its findings under the clearly erroneous test and will overturn them only if there is no competent evidence to support them. *True v. State*, 457 A.2d 793, 795 (Me.1983).

■ Gagne challenged his trial lawyer's failure to seek the removal of a juror who had played hockey in high school with the deputy district attorney who was prosecuting the case. When the issue was raised at trial, the trial judge pointed out to the lawyer that this was the only male juror left on the panel. The lawyer went to check with Gagne, then returned with the instruction to leave the juror on the panel. We will not second guess this trial strategy. Gagne also challenged his trial lawyer's failure to hire an independent private investigator. The other defendants who were involved, however, had hired a private investigator and Gagne had access to the results of his investigation. There is no showing that anything useful could have been gained by an additional investigator. Gagne also challenged his trial lawyer's failure to call a number of witnesses. We find the decision not to call these witnesses to be well within the scope of defense strategy. In sum, we find no error in the Superior Court's decision on the motion for

a new trial that Gagne was adequately represented at the trial.

■ Finally we find no error in the Superior Court's denial of Gagne's motion for a bill of particulars. We have said previously that if the dates in an indictment for the sexual abuse of a child cannot be further particularized by the State, it is not required to file a bill of particulars. *State v. Greene*, 512 A.2d 330, 333–34 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.