**STATE of Maine**

v.

**Gerald JACQUES.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1988.
Decided May 26, 1989.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, CLIFFORD,
HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Gerald Jacques was convicted after a jury trial in Superior Court (Kennebec County, *Alexander, J.*) of two charges of gross sexual misconduct against two children. 17–A M.R.S.A. § 253 (Supp.1988). Before trial, the State brought a motion in limine asking the court to exclude any evidence of each child victim's past sexual behavior.[1] The State had furnished to the defense evidence that both victims were subjected to sexual abuse by persons other than Jacques. The court ruled that such prior sexual activity would not be admissible regardless of the potential relevance of that evidence. At trial the victims, a girl aged 5 and a boy aged 10, testified that Jacques had sexually abused them. Although it is undisputed that both children had been sexually abused by others, the trial court prevented cross-examination of the victims concerning other sources of sexual abuse. Jacques challenges that ruling on appeal. We vacate the convictions.

The past sexual behavior of a victim is generally not admissible under M.R.Evid. 412. The purpose of the Rule is to prevent a trial from becoming a trial of the victim, rather than the accused. Field & Murray, *Maine Evidence* § 412.1, at 140 (2d ed. 1987). The limitation protects the State's strong and legitimate interest in preventing the victims of sex offenses from being further victimized at trial. *Id.*

 Evidence of sexual abuse by others would fall within the scope of the Rule and, if the only consideration were to prevent testimony about past sexual behavior or abuse, the court's ruling would be correct.[2] However, the State's legitimate interest in protecting victims of sexual abuse is neither absolute nor paramount. *See,*

David W. Crook, Dist. Atty., Pamela J. Ames, Alan P. Kelley (orally), Asst. Dist. Attys., Augusta, for the State.

Peter Bickerman (orally), Lipman & Katz, Augusta, for defendant.

1. M.R.Evid. 412 excludes evidence of specific instances of a victim's past sexual behavior with persons other than the accused, except when offered by the accused on the issue of whether the accused was the source of semen or injury.

2. We reject, as providing insufficient protection to victims, the defendant's proposed interpretation of "sexual behavior" to apply only to a victim's "volitional sexual behavior."

M.R.Evid. 412 advisory committee's note to 1983 amend., Me.Rptr., 449–458 A.2d LXX, LXXI, Field & Murray § 412, at 138 (all evidence of sexual behavior offered for any purpose not necessarily inadmissible, examination as to prior sexual behavior is admissible to impeach or for *"some other proper purpose"* (emphasis added)). The State's interest must be weighed against the defendant's constitutional right of effective cross-examination and to present a proper defense.

Although the wording of M.R.Evid. 412 is not as clear as it might be, the Advisory Committee Note is explicit that "evidence constitutionally required to be admitted" overrides the exclusion in the text of Rule 412. Me.Rptr., 449–458 A.2d LXX; *cf., Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (state's interest in protecting juvenile offender does not take precedence over defendant's right to effectively cross-examine.) The advisory committee note gives as an example the instance where the prosecution "open[s] the door" "by offering evidence of the victim's lack of sexual experience or chastity on direct." Field & Murray § 412, at 139.

▪▪▪ Where the victim is a child, as in this case, the lack of sexual experience is automatically in the case without specific action by the prosecutor. A defendant therefore must be permitted to rebut the inference a jury might otherwise draw that the victim was so naive sexually that she could not have fabricated the charge. A number of jurisdictions with similar rules permit the admission of evidence of prior sexual activity for the limited purposes of rebutting the jury's natural assumption concerning a child's sexual innocence and of protecting the defendant's rights.[3] In a case decided prior to the adoption of M.R. Evid. 412, we relied on just such an analysis to vacate a conviction where evidence of prior sexual activity had been excluded. *State v. Davis,* 406 A.2d 900 (Me.1979). Additionally, in *State v. Albert,* 495 A.2d 1242 (Me.1985) we implied that, notwithstanding Rule 412, evidence of prior sexual abuse might be admissible if offered for the purpose of challenging the jury's assumption of children's innocence, subject to limitations of relevance under Rule 403. *Id.* at 1244. *See* Field & Murray § 412.2, at 142 & n. 3.

Jacques offered the evidence of other abuse for two purposes. He wished to show the circumstances in which he was first accused by the victims and, recognizing the jury's natural assumption that children are innocent of sexual matters, to rebut the inference that he was responsible for their unusual sexual knowledge. The court prevented the defense from exploring that source of the victims' sexual knowledge by cross-examination concerning other abuse. In addition, Jacques was prevented from exploring the timing and other circumstances of the victims' complaints against him in relation to complaints against others. *See State v. True,* 438 A.2d 460, 464 (Me.1981); *State v. Walton,* 432 A.2d 1275, 1277 (Me.1981).

These rulings curtailed Jacques's effort to generate doubt as to his participation in abuse of the children. The court might, within its discretion under M.R.Evid. 403 and 611, limit the scope of cross-examination of the victims. *State v. Gagne,* 554 A.2d 795, 796 (Me.1989); *State v. Day,* 538 A.2d 1166, 1167–68 (Me.1988); *State v. White,* 456 A.2d 13, 15 (Me.1983); *see also* Field & Murray, § 611.1 at 233. The ruling in limine, however, went further than the victims' testimony. The court refused to allow inquiry into any evidence of other abuse, including the childrens' earlier statements that others had abused them. That ruling clearly deprived Jacques of his right to present an effective defense.

The entry is:

Judgments vacated.

**3.** *See, e.g., Commonwealth v. Ruffen,* 399 Mass. 811, 507 N.E.2d 684 (1987); *State v. Peterson,* 35 Wash.App. 481, 667 P.2d 645 (1983); *State v. Carver,* 37 Wash.App. 122, 678 P.2d 842 (1984); *State v. Baker,* 127 N.H. 801, 508 A.2d 1059 (1986).