STATE of Maine

v.

Marie BOYLE.

Supreme Judicial Court of Maine.

Argued May 4, 1989.
Decided June 13, 1989.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Eric Cote (orally), Cote, Guillory & Linderman, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Marie Boyle, appeals from the judgments of the Superior Court (York County, *Cole, J.*) entered on a jury verdict finding her guilty of three counts of unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (Supp.1988). We find no error in the trial court's limitation of the scope of cross-examination by Boyle or the denial of Boyle's motion for a mistrial and affirm the judgments.

■ Boyle first contends that the trial court erred in refusing to permit testimony concerning other acts of sexual abuse of the two minor victims by persons other than Boyle.

At trial, Boyle sought to cross-examine the victims and their foster mother concerning three instances of alleged sexual abuse of the children that were not in the presence of or involving Boyle and that were told to the foster mother by one of the children at the same time the child revealed the incidents that are the subject of this appeal. The State objected to the introduction of this testimony. Boyle made an offer of proof as to the incidents and argued that the incidents should be presented to the jury because the circumstances were so incredible a factfinder would have serious doubts about the child's ability to relate the truth. The trial court found the incidents were collateral to the charged offenses and limited the inquiry to those incidents in which Boyle was involved.

We have repeatedly stated that the trial court has broad discretion in determining the scope of cross-examination. *State v. Day*, 538 A.2d 1166, 1167 (Me.1988); *State v. Nason*, 498 A.2d 252, 254 (Me.1985);

*State v. White*, 456 A.2d 13, 15 (Me.1983). *See also* M.R.Evid. 611 (in interest of justice court may limit cross-examination on matters not testified to on direct); M.R. Evid. 403 (grounds for exclusion of relevant evidence). We review the trial court's determination for an abuse of discretion and the ruling must stand unless it has clearly interfered with a defendant's right to a fair trial. *State v. Day*, 538 A.2d at 1167. On the record in this case, we conclude that it was within the sound exercise of discretion under M.R.Evid. 403 for the trial court to prohibit the cross-examination of these witnesses concerning the alleged sexual abuse of the two children by others than Boyle for the purpose of challenging the credibility of the children. *State v. Day*, 538 A.2d at 1167, 1168; *State v. Gagne*, 554 A.2d 795, 796 (Me.1989); *see also State v. Jacques*, 558 A.2d 706 (Me. 1989).

■ Boyle also contends that the trial court erred when it refused to grant her motion for a mistrial because of the improper remarks made by the prosecutor in the State's closing argument. We note that although two of the challenged remarks were drawn to the attention of the trial court by Boyle's motion, the other is being challenged for the first time on this appeal. No curative instruction was requested by Boyle nor given by the court as an alternative to Boyle's motion for a mistrial. Based on the remarks drawn to the attention of the trial court, we find no error in the trial court's denial of Boyle's motion for a mistrial. The remarks were "within the bounds of fairness," and the inaccuracies, if any, could be and were addressed in the argument of counsel for Boyle. *See State v. Doughty*, 554 A.2d 1189, 1192 (Me. 1989).

We review the prosecutor's remarks not drawn to the attention of the trial court in the context of the entire record to determine if the claimed error worked a manifest injustice on Boyle. *State v. Walsh*, 558 A.2d 1184 (Me.1989); M.R.Crim.P. 52(b). The convictions of Boyle must stand unless "the obviousness of the error and

the seriousness of the injustice done to the defendant thereby are so great the Law Court cannot in good conscience let the conviction stand." *State v. True,* 438 A.2d 460, 469 (Me.1981). Although the prosecutor's remarks may be susceptible to more than one interpretation, the jury could rationally view them as a proper analysis of the evidence presented to the jury. We have previously stated that the court should not lightly infer that a jury will draw the most damaging meaning from ambiguous remarks made by a prosecutor during argument. *See State v. Hinds,* 485 A.2d 231, 238 (Me.1984).

At the close of both parties' arguments, the trial court carefully instructed the jury that the opening statements and final arguments of counsel were not evidence; that the evidence was the sworn testimony of the witnesses and the exhibits allowed into evidence; that it was the jury's collective memory of the evidence, not that of counsel, on which the jury was to rely in determining the facts; and that it was the sole province of the jury to analyze the evidence and determine the believability of the witnesses. Considering the presently challenged remarks of the prosecutor in the context of the entire record in this case, it is not at all obvious that these remarks denied Boyle a fair trial.

The entry is:

Judgments affirmed.

All concurring.