**Paul W. THOMPSON**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1992.

Decided April 2, 1993.

S. Carter Friend (orally), Charles A. Harvey, Jr., Verrill & Dana, Portland, for plaintiff.

Garry L. Greene (orally), Asst. Atty. Gen., Augusta, for the State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

In the case before us, the State appeals from the judgment entered in the Superior Court (Lincoln County, *Bradford, J.*) granting Paul W. Thompson a new trial on his petition for post-conviction relief. The State argues that the post-conviction court erred by applying our decision in *State v. Jacques*, 558 A.2d 706 (Me.1989), retroactively to Thompson's conviction. We agree and vacate the court's grant of a new trial. On Thompson's cross-appeal, we affirm the court's finding that he knowingly, intelligently, and voluntarily waived his right to counsel.

Thompson was indicted on one count of unlawful sexual contact, 17-A M.R.S.A. § 255(1)(C) (Supp.1984), and one count of gross sexual misconduct, 17-A M.R.S.A. § 255(1)(B) (Supp.1984). Thompson wished to be represented at trial by David Dodge, a lay person not licensed to practice law in Maine. The Superior Court (Lincoln County, *Lipez, J.*) allowed David Dodge to sit at counsel table with Thompson and assigned stand-by counsel only after thoroughly and repeatedly warning Thompson of the seriousness of the charges against him and the disadvantages he would face without an attorney. Thompson persistently refused to be represented by counsel.

At the trial Thompson attempted to elicit testimony from the child victim that the victim had performed oral sex on the victim's younger brother, in order to show the victim had a problem "[m]olesting young children." Thompson also attempted to elicit testimony from a school social worker, a neighbor, and the victim's brother about the victim's sexual contact with others. The trial court interpreted Thompson's offer of proof as being based on our decision in *State v. Davis*, 406 A.2d 900 (Me.1979). The court decided that the *Davis* decision had been superseded by the adoption of M.R.Evid. 412.

The jury found Thompson guilty on both counts. On direct appeal Thompson argued that the evidence excluded by the trial court had been offered to establish the victim's bias and motive to lie. We rejected Thompson's contention in a memoran-

dum of decision on the ground that this issue had not been preserved at the trial of the case. *State v. Thompson*, 549 A.2d 364 (Me.1988).

On post-conviction review, Thompson argues that our decision in *State v. Jacques*, 558 A.2d 706 (Me.1989), articulated a change in the law making the admission of a child victim's sexual contact with others constitutionally required, and therefore, that the trial court should use the standards of retroactivity adopted by this court in *Nadeau v. State*, 232 A.2d 82, 86 (Me. 1967), to find that *Jacques* should be applied to vacate his conviction and grant him a new trial. The State agrees that *Jacques* articulated a change in the law but argues that the trial court should apply the standard of retroactivity established by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288, 302, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The State further asserted that under the *Teague* standard, *Jacques* would not be retroactively applied to Thompson's conviction on post-conviction review. The trial court agreed with the State that the *Teague* standard was the appropriate standard of retroactivity but held that *Jacques* met that standard and therefore granted Thompson a new trial. Thompson also argues that he had not waived his right to counsel; a contention that was rejected by the trial court.

## I.

### Exclusion of Victim's Sexual Contact with Others

In the past, we have relied on principles of retroactivity established by the United States Supreme Court as a matter of federal constitutional law. For example, in *Poitraw v. State*, 322 A.2d 594, 597 (Me.1974) and *Nadeau v. State*, 232 A.2d 82, 86 (Me. 1967), we applied the retroactivity standard established by the Court in *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). The United States Supreme Court has since rejected the *Linkletter* approach as "unprincipled and inequitable," *see Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 712, 93 L.Ed.2d 649

(1987); and adopted a new standard of retroactivity for convictions on post-conviction review in *Teague v. Lane*, 489 U.S. at 302, 109 S.Ct. at 1071. In *Teague*, the Court adopted a position previously advocated by Justice Harlan in his concurring opinion in *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971) (separate opinion of Harlan, J.). *Teague*, 489 U.S. at 309, 109 S.Ct. at 1075. The general rule adopted in *Teague* provides that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* The Court explained:

> Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.

*Id.* 489 U.S. at 307, 109 S.Ct. at 1074. The Court summarized the two exceptions to the general rule of nonretroactivity identified by Justice Harlan as follows:

> First, a new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Mackey*, 401 U.S., at 692, 91 S.Ct., at 1180 (separate opinion). Second, a new rule should be applied retroactively if it requires the observance of "those procedures that ... are 'implicit in the concept of ordered liberty.'" *Id.*, at 693, 91 S.Ct., at 1180 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937) (Cardozo, J.)).

*Id.* 489 U.S. at 306, 109 S.Ct. at 1073. The Court applied the second exception in *Teague* with a modification that it be "reserved for watershed rules of criminal procedure." *Id.* at 308, 109 S.Ct. at 1075. The trial court found that our decision in *Jacques* met the requirements for retroactivity described in the second *Teague* exception.

Thompson argues that, although *Jacques* fits into one of the *Teague* exceptions, we should not adopt the *Teague* approach because it "places its highest premium on the finality of criminal judgments." We need

not reach this issue, however, for both *Linkletter* and *Teague* require that the case in question announce a new rule in order to be retroactively applied. *See Poitraw,* 322 A.2d at 597 (applying the *Linkletter* standard to determine whether "retrospective effect [should] be given to ... court decisions *changing the rules and law in existence at the time of trials* ") (emphasis added); *Teague,* 489 U.S. at 300, 109 S.Ct. at 1070 (*Teague* standard requires court to first consider whether the "case announces a *new rule* ") (emphasis added). We hold that *Jacques* did not announce a new rule.

In *State v. Davis,* 406 A.2d 900, 902 (Me.1979), we held that a defendant was unfairly prejudiced by the exclusion of evidence of a child victim's "sexual curiosity" because this subjected the defendant to the "grave risk that, not being otherwise informed, the jury might regard a complainant of tender years as too innocent of sexual matters to think up the kind of sexual conduct she had described unless it was real and she had actually experienced it." *Id.* Thompson argues, however that the adoption of M.R.Evid. 412[1] which became effective on February 1, 1983 changed this area of the law. In *State v. Albert,* 495 A.2d 1242 (Me.1985), we distinguished *Davis* not by the intervening adoption of Rule 412 but instead by the defendant's inadequate offer of proof, holding:

> [i]n contrast to the offer of proof made by defense counsel in *State v. Davis,* 406 A.2d 900, 901 (Me.1979), here defense counsel did not, as was required of him by M.R.Evid. 103(a), make known to the court the substance of the ... testimony that was to be used to establish what the Defendant claimed was the victim's lack of innocence.

*Id.* at 1243; *see also id.* at 1244 (also implying that, notwithstanding Rule 412, evidence of prior sexual contact might be admissible if offered to challenge the jury's assumption of child's innocence). In *Jacques,* we made it clear that a defendant may be allowed to offer evidence of a child victim's sexual conduct with others to rebut a presumption of naiveté despite Rule 412. *Jacques,* 558 A.2d at 708. Given our prior decisions in *Davis* and *Albert,* however, *Jacques* did not announce a new legal concept changing the rules and law in existence at the time of Thompson's trial. Because *Jacques* did not announce a new legal concept, Thompson could have raised this evidentiary question on direct appeal and it is now deemed waived by 15 M.R.S.A. § 2128(1) (Supp.1991). *See McEachern v. State,* 456 A.2d 886, 889 (Me.1983).

## II.

### *Waiver of Right to Counsel*

On cross-appeal, Thompson argues the trial court erred in finding that he was not unduly influenced by David Dodge when making his decision to waive his right to counsel and therefore his waiver was invalid. The record does not support this contention and we affirm the post-conviction court's holding that Thompson's waiver was knowing, voluntary, and intelligent.

The entry is: Judgment vacated. Remanded to the Superior Court for entry of a judgment denying post-conviction relief.

All concur.

1. Rule 412 reads:
   (a) In a criminal case in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, reputation or opinion evidence of past sexual behavior of an alleged victim of such crime is not admissible.
   (b) In a criminal case in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, the only evidence of a victim's past sexual behavior that may be admitted is the following:

   (1) Evidence of specific instances of sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
   (2) Evidence of specific instances of sexual behavior with the accused offered by the accused on the issue of whether the alleged victim consented to the sexual behavior with respect to which the accused is charged.