2001 ME 181

**STATE of Maine**

v.

**David E. HOWE.**

Supreme Judicial Court of Maine.

Submitted on briefs: Nov. 30, 2001.
Decided: Dec. 27, 2001.

David W. Crook, District Attorney, James G. Mitchell, Asst. Dist. Atty., Skowhegan, for State.

Joshua A. Tardy, Esq., Jude, Cox & Tardy, Newport, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] David E. Howe appeals from a conviction of gross sexual assault, (Class A), 17–A M.R.S.A. § 253(1)(B)[1] after a

---

1. 17–A M.R.S.A. § 253(1)(B) (Supp.2001) provides:

§ 253. **Gross sexual assault**

trial by jury in the Superior Court (Somerset County, *Gorman, J.*). Howe argues that the trial court improperly excluded evidence of the alleged victim's sexual history pursuant to M.R. Evid. 412. We disagree and affirm Howe's conviction.

## I.  CASE HISTORY

[¶ 2] This case involves an act of oral sex between David E. Howe, age 39, and his eight-year-old daughter. The State and defense agreed that the sex act occurred. The State contended that Howe directed his daughter to perform oral sex on him in his bedroom. Howe contended that the eight-year-old initiated the sex act upon him while he was sleeping.

[¶ 3] On September 7, 1999, Howe was indicted by the Somerset County Grand Jury on a charge of gross sexual assault. A jury trial was held August 1, 2000, at which Howe and his daughter testified as to their differing versions of the events.

[¶ 4] Prior to trial, the court heard arguments regarding Howe's motion in limine, in which he sought to elicit testimony from his daughter as to whether she had ever been exposed to inappropriate sexual contact with either her cousin or her brother. The court prohibited questions about the young girl's sexual history pursuant to M.R. Evid 412.[2] Before direct examination of the alleged victim, Howe moved to admit testimony that he argued would tend to show that the alleged victim had sexually acted out on previous occasions, and that this evidence would go to the very core of his defense. The State objected to Howe's motion on the grounds that the testimony was inadmissible pursuant to M.R. Evid. 412. The trial court again barred Howe's questioning about the alleged victim's sexual behavior.

[¶ 5] The alleged victim testified that she was watching her sister play Nintendo when Howe asked her to come into his bedroom. Howe was awake in his bed and asked her to take off her clothes and get into bed. Howe was naked under the covers and placed the alleged victim between his legs and told her to begin performing oral sex on him.

[¶ 6] After the State concluded its direct examination, Howe, once again, made an offer of proof to admit evidence regarding the alleged victim's sexual behavior. Defense counsel stated that he would elicit testimony that would tend to show that the alleged victim had engaged in prior sexual acts and had a history of acting out in sexually inappropriate ways, which would tend to show that Howe was not acting voluntarily at the time of the incident. In addition, defense counsel argued that the

---

1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

. . . .

B. The other person, not the actor's spouse, has not in fact attained the age of 14 years.

2. M.R. Evid. 412(b) states:

(b) In a criminal case in which a person is accused of sexual misconduct toward a victim the only evidence of the alleged victim's past sexual behavior that may be admitted is the following:

(1) Evidence, other than reputation or opinion evidence, of sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(2) Evidence, other than reputation or opinion evidence, of sexual behavior with the accused offered by the accused on the issue of whether the alleged victim consented to the sexual behavior with respect to which the accused is charged.

(3) Evidence the exclusion of which would violate the constitutional rights of the defendant.

tender years exception to M.R. Evid. 412, as articulated in *State v. Jacques,* 558 A.2d 706 (Me.1989), had been generated due to the alleged victim's testimony on direct examination. As a result, Howe asserted that he should be permitted to question the alleged victim as to her sexual history. The court maintained its prior ruling to exclude the evidence.

[¶ 7] At the conclusion of the trial, the jury found Howe guilty of gross sexual assault (Class A), 17–A M.R.S.A. § 253(1)(B). Howe was sentenced to fifteen years in prison with all but five years suspended. He then brought this appeal.

## II. DISCUSSION

■ [¶ 8] Howe argues that the trial court improperly excluded evidence regarding the alleged victim's sexual history. The trial court's exclusion of evidence is reviewed for abuse of discretion or clear error. *State v. Tomah,* 1999 ME 109, ¶ 7, 736 A.2d 1047, 1050. The question of the relevancy of evidence is reviewed for clear error, whereas the decision whether to admit evidence is more frequently reviewed under an abuse of discretion standard. *State v. Robinson,* 628 A.2d 664, 666 (1993).

■ [¶ 9] The State argues that the evidence was properly excluded because Howe did not make an adequate offer of proof. M.R. Evid. 103(a)(2) [3] requires the proponent of evidence to make its substance known to the court by an offer of proof, unless the substance was apparent from the context of the question. Even if we assume that Howe had made a sufficient offer of proof, the trial court properly

excluded the evidence of the alleged victim's sexual history pursuant to M.R. Evid. 412.

■ [¶ 10] M.R. Evid. 412 provides that, in a criminal case for sexual misconduct, evidence of an alleged victim's sexual history is inadmissible unless: (1) it is offered to show that the defendant was not the source of the semen or injury; (2) it is offered to show that the victim consented to the sexual behavior of the accused; or (3) the exclusion of such evidence would violate the defendant's constitutional rights. In *Jacques,* we recognized the "tender years exception" to the general rule presented in M.R. Evid. 412, in cases where the alleged victim is a child. This exception permits a defendant to introduce evidence of sexual history in order to rebut any inference that a child is sexually naive and could not possess the sexual knowledge to fabricate the allegations. *Jacques,* 558 A.2d at 708. The tender years exception is not intended to impede the purpose behind M.R. Evid. 412, to prevent the proceeding from becoming a trial within a trial of the victim's character. *See* Field & Murray, *Maine Evidence* § 412.3 at 185 (2000 ed.).

[¶ 11] Howe contends that the trial court erred in excluding testimony regarding the victim's sexual history and claims that, as a consequence, his right to a fair trial was violated. Additionally, Howe argues that the trial court's exclusion of evidence of the victim's past sexual behavior was inconsistent with our interpretation of M.R. Evid. 412 as articulated in *Jacques* and

---

3. M.R. Evid. 103(a)(2) provides:
    **(a) Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
    . . . .

    (2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

*State v. Warren,* 1998 ME 136, 711 A.2d 851.

[¶ 12] Exceptions to the general prohibition on the introduction of evidence of a victim's sexual history, M.R. Evid. 412(b)(1) and 412(b)(2), do not apply to this case. There are no issues here concerning the source of semen or the injury, or whether the victim consented to the sexual behavior, because consent is irrelevant with respect to 17–A M.R.S.A § 253(1)(B). Further, the *Jacques* exception is inapplicable to the instant case. Howe is not asserting that the incident did not occur or that the victim fabricated the story. Instead, Howe claims that the victim was the aggressor. Howe cannot rely on *Jacques* if he admits that the incident occurred, because upon admission of the events, the source of the knowledge needed for the victim to make such allegations is evident. Therefore, the necessity for the tender years exception, which we articulated in *Jacques,* disappears.

[¶ 13] In *Warren,* 1998 ME 136, ¶ 8, 711 A.2d at 854, we also reviewed whether the defendant was denied his constitutional right to a fair trial when the trial court barred him from introducing evidence showing the alleged victim was previously exposed to contact similar to the alleged contact initiated by the defendant. We held that the trial court erred by excluding all evidence concerning the child victim's past sexual history when the alleged victim was eight years old and her sexual knowledge was "extraordinary for her age, creating the risk that the jury would attribute enhanced credibility to her testimony by inferring sexual naivete." *Id.* ¶ 14, 711 A.2d at 857. *Warren,* like *Jacques,* does not create an exception to M.R. Evid. 412 that permits admission of evidence of the alleged victim's sexual history other than to rebut the inference of naivete.

[¶ 14] Howe's real purpose in proposing to offer evidence of the alleged victim's past sexual experiences was to suggest to the jury that if the alleged victim had engaged in sexual improprieties on other occasions, she may have similarly engaged in a sexual impropriety on this occasion, as Howe contended. Use of evidence of past improprieties to suggest that similar improprieties occurred in the events on trial is expressly prohibited by M.R. Evid. 404(a) and (b).[4]

[¶ 15] Neither M.R. Evid. 412, nor the *Jacques* doctrine creates any exception to M.R. Evid. 404 to allow evidence of past sexual impropriety to be used to suggest that an alleged victim "acted in conformity therewith" in a pending case.

### III.  CONCLUSION

[¶ 16] The tender years exception to M.R. Evid. 412 is not applicable to this case, because Howe admitted that the incident took place. Therefore, he cannot now introduce evidence to rebut the presumption of sexual naivete. Howe is attempting to introduce evidence of sexual history to demonstrate that the child victim was the aggressor. There is no exception in Maine law that permits the introduction of sexual history for this purpose. Such use of sexual history is barred by M.R. Evid. 404.

---

4.  M.R. Evid. 404 states, in pertinent part:

   **RULE 404.  CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES**
      (a) **Character Evidence Generally.**  Evidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in con-

formity therewith on a particular occasion . . .;

      . . . .

      (b) **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith.