MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2014 ME 143
Docket:         Aro-14-135
Argued:         October 28, 2014
Decided:        December 18, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, <u>SILVER</u>, MEAD, GORMAN, and HJELM, JJ.

STATE OF MAINE

v.

GRAYDON E. ADAMS JR.

SILVER, J.

[¶1]   Graydon E. Adams Jr. appeals from a judgment of the trial court (Aroostook County, *Hunter, J.*) convicting him, on his conditional plea, M.R. Crim. P. 11(a)(2), of operating a motor vehicle under the influence. 29-A M.R.S. § 2411 (1-A) (2013).   On appeal, Adams challenges a preliminary ruling by the court (*Cuddy, J.*) granting the State's motion in limine to exclude evidence of the results of a breath-alcohol test administered to Adams at his workplace.   We vacate the judgment and remand this case for further proceedings.

## I.  CASE HISTORY

[¶2]  No transcript of the hearing before the trial court has been provided and the record on appeal is limited.   Therefore, the following facts are from the

2

documents filed by the parties and the limited record created incident to the conditional plea.[1]

[¶3]  On September 11, 2012, Adams was at his place of employment, the Maine Military Authority in Limestone.  Adams was "observed to be emitting an odor of alcoholic beverage," and his employer asked him to submit to a breath test.  The employer allegedly used a self-contained portable breath-alcohol testing device.  After the results showed that Adams had indicators of alcohol in his system, Adams's employer informed Adams that "company policy required him to be sent home on unpaid leave."

[¶4]  Adams alleges that around the time that he left his employer's premises, "a Maine Military Authority employee called the dispatch for the Limestone Police Department to report that [Adams] was driving a van South on Route 89 and that he was under the influence."  Sometime after the alleged call from Adams's employer, a Limestone Police Department Officer stopped Adams and arrested him after administering several field sobriety tests.  The record does

---

[1]  Although both parties agreed that the testing at Adams's workplace was not certified by the Department of Health and Human Services, the State asserts in its brief that it disagrees with the facts as presented in Adams's brief, and it asserts that because the Superior Court held no evidentiary hearing, most of the facts argued in Adams's brief were not before the court.  For example, Adams states in his brief that the workplace breath test resulted in a reading of 0.04, but those results were not otherwise in the record before the court.

not indicate how much time passed between the test administered at Adams's workplace and an intoxilyzer test administered at the Caribou Police Department.

[¶5] Adams was charged with operating under the influence, he requested a jury trial, and his case was transferred to the Superior Court.[2] The State filed a motion in limine seeking to preclude Adams from using evidence of the workplace test result to challenge the accuracy of the State's test result. The State argued that the testing device used at Adams's workplace was unreliable and not approved by the Department of Health and Human Services (the Department) pursuant to the Motor Vehicle Code, 29-A M.R.S. § 2524(5) (2013).[3] According to the court's written decision on the motion, at the hearing on December 16, 2013, counsel for Adams argued that he "should be given [t]he opportunity to lay a foundation regarding the validity and reliability of the testing machinery." The court ruled

---

[2] Following the initial charge, Adams filed a motion pursuant to M.R. Crim. P. 41A to suppress all evidence obtained in the September 11, 2012, stop and search as in violation of his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 5 of the Maine Constitution. That motion was denied by the Superior Court and is not at issue in this appeal.

[3] Section 2524(5) provides:

> For purposes of this section, only collection kits having a stamp of approval affixed by the Department of Health and Human Services may be used to take a sample specimen of blood or urine, except that a self-contained, breath-alcohol testing apparatus if reasonably available may be used to determine the alcohol level.

> Approved breath-alcohol testing apparatus must have a stamp of approval affixed by the Department of Health and Human Services after periodic testing. That stamp is valid for no more than one year.

29-A M.R.S. § 2524(5) (2013).

4

that the workplace test results would be inadmissible pursuant to section 2524(5) and granted the State's motion, excluding any evidence of the workplace breath-alcohol test result to challenge the accuracy of the State's intoxilyzer test. The court concluded that "[a]bsent a certification of the testing apparatus with an approved certification from [the Department], the test results are not admissible."

[¶6]    Adams entered a conditional guilty plea pursuant to M.R. Crim. P. 11(a)(2).  He was sentenced to serve seven days in Aroostook County Jail and pay $880 in fines and surcharges, and his right to operate a motor vehicle was suspended for three years—the mandatory minimum sentence for operating under the influence with one prior conviction.  Adams then appealed the order on the motion in limine.  His sentence, fine, and license suspension were stayed by order of the court pursuant to 29-A M.R.S. § 2483(5) (2013) pending resolution of this appeal.

## II.  LEGAL ANALYSIS

[¶7]  Adams argues that the trial court committed an error of law by relying on the certification requirements of section 2524(5) to exclude any evidence concerning the results of the breath test administered at his workplace.  The State contends that Adams failed to make an offer of proof pursuant to M.R. Evid. 103(a)(2) and has therefore failed to preserve this issue for appeal.  We conclude that the trial court erred as a matter of law in relying on section 2524(5)

to exclude evidence of the workplace breath-alcohol test and denying Adams the opportunity to lay a foundation regarding the test's validity and reliability.

A.     The Applicability of Section 2524(5)

[¶8]  "We review a trial court's [action on] a motion in limine for an abuse of discretion and its legal conclusions de novo." *State v. Dube*, 2014 ME 43, ¶ 8, 87 A.3d 1219.  Statutory interpretation is a matter of law in which "our primary purpose is to give effect to the intent of the Legislature." *State v. Mourino*, 2014 ME 131, ¶ 8, --- A.3d. --- (quotation marks omitted).  "We seek to discern from the plain language of the statute the real purpose of the legislation . . . .  If the statutory language is clear and unambiguous, we construe the statute in accordance with its plain meaning in the context of the whole statutory scheme." *Id.* (quotation marks omitted).

[¶9]   Pursuant to section 2524(5), "[a]pproved breath-alcohol testing apparatus must have a stamp of approval affixed by the Department of Health and Human Services after periodic testing."  Citing cases in which we refused to admit into evidence the results of uncertified "ALERT" tests offered by the State,[4] *see, e.g., State v. Ifill,* 560 A.2d 1075 (Me. 1989), the State maintains that the workplace breath-alcohol test is inadmissible because it lacks the Department

---

[4]  "[T]he ALERT test is an orange box that a person blows into and that registers 'pass' or 'fail.' Although the test does not register a precise number, a 'fail' reading indicates a blood alcohol content above .10%." *State v. Ifill,* 560 A.2d 1075, 1075 (Me. 1989).

approval required by section 2524(5). Those decisions, however, are inapposite because they relate to the admissibility of breath tests administered by the State and (1) offered by the State to attempt to prove an element of the crime of operating under the influence, *see, e.g., Ifill,* 560 A.2d at 1077 (stating that the results of a state-administered portable ALERT test are inadmissible), or (2) offered by a defendant attempting to rebut the State's evidence, *see State v. McConvey*, 459 A.2d 562, 569 (Me. 1983) ("Blood-alcohol test results may be admissible as rebuttal evidence provided the results are reliable.").

[¶10] We agree with Adams that the accuracy of the State's evidence regarding the administration and the result of an intoxilyzer test may be challenged by evidence, including evidence of another demonstrably reliable blood or breath test result, that is not derived from a machine with a certificate as required by 29-A M.R.S. § 2524(5). A defendant is, thus, able to challenge the reliability of test results offered by the State by any appropriate means that is otherwise admissible in evidence—and the State may, of course, oppose its admission through evidence showing that the defendant's evidence is unreliable.

[¶11] We reach this conclusion after examining the overall statutory scheme. Section 2524(5) requires that when a defendant is tested, the police must use "breath-alcohol testing apparatus [with] a stamp of approval affixed by the Department." As Adams points out, section 2524(5) is part of the Motor Vehicle

Code's "Implied Consent" provisions that require a motorist to submit to blood-alcohol testing when requested by a police officer, and do not apply to independently administered breath tests offered by a defendant as rebuttal evidence. *See Mourino*, 2014 ME 131, ¶ 8, --- A.3d. --- (noting that we must "construe the statute . . . in the context of the whole statutory scheme" (quotation marks omitted)). The plain language of section 2524 is clear that it does not extend to tests other than those performed by the State pursuant to a defendant's "implied consent" to submit to an officer's request when "there is probable cause to believe a person has operated a motor vehicle while under the influence of intoxicants . . . ." 29-A M.R.S. § 2521(1) (2013).

B.     Preservation of the Issue for Appeal

[¶12]   The State contends that Adams failed to preserve the issue of the admissibility of his employer's test because he did not make an offer of proof pursuant to M.R. Evid. 103(a)(2). When the issue on appeal is preservation of an objection to the exclusion of evidence, "M.R. Evid. 103(a)(2) requires the proponent of [the] evidence to make its substance known to the court by an offer of proof, unless the substance was apparent from the context of the question." *State v. Howe*, 2001 ME 181, ¶ 9, 788 A.2d 161 (footnote omitted). "An offer of proof should contain not only the facts that are sought to be elicited, but also reference to

the facts, circumstances, or legal grounds on which the testimony is admissible." Field & Murray, *Maine Evidence* § 103.4 at 16 (6th ed. 2007).

[¶13]  The State is correct that Adams did not make a formal offer of proof. But the court's application of section 2524's certification requirements caused it to deny Adams any opportunity to present foundational evidence that could support the workplace breath-alcohol test's admissibility.  The court stated that Adams had argued that he "should be given [t]he opportunity to lay a foundation regarding the validity and reliability of the testing machinery" before the court ruled on the State's motion.  Thus, Adams properly requested that it permit him to make an offer of proof.  But because the court erroneously interpreted section 2524(5) as being "dispositive" of the issue, it concluded that any foundational evidence concerning the portable testing unit's reliability would be futile and therefore refused to allow Adams to present his argument or offer of proof.  The court thus held that "testimony of witnesses about the validity and reliability of the portable testing apparatus would not be admissible."

[¶14]  The court's decision, predicated on a flawed interpretation of section 2524(5), denied Adams the opportunity to make a formal offer of proof. Based on the court's interpretation of the statute, the offer of proof on the issue of reliability would have been a fruitless pursuit.  Because we vacate the court's

decision on the statutory interpretation, on remand, Adams must be afforded an opportunity to lay a foundation for the reliability of his employer's test results.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs and at oral argument:**

Alan F. Harding, Esq., Hardings Law Office, Presque Isle, for appellant Graydon E. Adams Jr.

John M. Pluto, Asst. Dist. Atty., Prosecutorial District No. 8, Caribou, for appellee State of Maine

Aroostook County Superior Court (Caribou) docket number CR-2013-232
FOR CLERK REFERENCE ONLY