MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2015 ME 87
Docket:        Ken-14-346
Argued:        June 16, 2015
Decided:       July 16, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

STEVEN W. BRAGDON

MEAD, J.

[¶1]  Steven W. Bragdon appeals from a judgment of conviction entered by the trial court (*Murphy, J.*) following his conditional guilty plea to a charge of possession of sexually explicit materials (Class C), 17-A M.R.S. § 284(1)(C) (2014).  Bragdon contends that the court (*Billings, J.*) erred in denying his motion to suppress evidence derived from internet service provider (ISP) records that the State obtained with a grand jury subpoena.  He asserts that the State was required to use the procedure set forth in 5 M.R.S. § 200-B (2014) to obtain the records, and that its failure to do so violated his right to due process.  The State contends that section 200-B creates an alternative, not exclusive, method for it to use in seeking ISP records, and that even in the event of a violation of the statute, the exclusionary rule does not apply.  Because we agree with the State's first contention, we affirm the judgment without reaching the second.

## I. BACKGROUND

[¶2]   The facts were stipulated at the hearing on Bragdon's motion to suppress or are otherwise not disputed.   In April 2013, the Maine State Police Computer Crimes Unit (CCU), which routinely investigates activity involving the distribution of child pornography, began an investigation into suspicious activity involving a particular internet protocol (IP) address; FairPoint Communications was the ISP for that address.

[¶3]   In May 2013, the Attorney General's Office, pursuant to M.R. Crim. P. 17(c),[1] issued a grand jury subpoena to FairPoint concerning the suspected IP address, commanding FairPoint to appear before the Kennebec County Grand Jury and produce information about the subscriber as of the time that the suspicious activity was observed.   The State did not seek prior judicial authorization before issuing the subpoena.   In response to the subpoena, FairPoint produced records identifying the IP address as one assigned to Bragdon at his home address in Waterville.

[¶4]  Detectives from the CCU met with Bragdon at his home and obtained his consent to seize and search computer-related items.   After receiving notice from Bragdon's attorney that Bragdon was revoking his consent to search the

---

[1]   The Maine Rules of Criminal Procedure have since been superseded by the Maine Rules of Unified Criminal Procedure.   2014 Me. Rules 16 (effective in Kennebec County on April 1, 2015); *see* M.R.U. Crim. P. 17.

items, officers obtained a warrant and completed the search, during which they discovered evidence that led the grand jury to indict Bragdon on March 27, 2014.

[¶5]  Bragdon moved to suppress the evidence found during the search on the ground that the State had not followed the procedure set out in 5 M.R.S. § 200-B(2), which provides:

> The Attorney General, a deputy attorney general or a district attorney *may* demand, in writing, all the records or information in the possession of the public utility or Internet service provider relating to the furnishing of public utility services or Internet services to a person or a location if the attorney has reasonable grounds to believe that the services furnished to a person or to a location by a public utility or Internet service provider are being or may be used for, or to further, an unlawful purpose.
>
> Records of utility services, as applied to Internet service providers, are limited to the following information and records in the possession of the Internet service provider: the subscriber's or customer's name, address, local and long-distance telephone billing records, telephone number or other subscriber number or identity and length of time the services have been provided to the subscriber or customer.
>
> Upon a showing of cause to any Justice of the Superior Court or Judge of the District Court, the justice or judge shall approve the demand. Showing of cause must be by the affidavit of any law enforcement officer.

(Emphasis added).

[¶6]  The Superior Court (*Billings, J.*) held a hearing and denied the motion. Bragdon entered a conditional guilty plea pursuant to M.R. Crim. P. 11(a)(2),[2]

---

[2]  *See also* M.R.U. Crim. P. 11(a)(2).

4

preserving his right to appeal from the denial of the motion to suppress. The court (*Murphy, J.*) entered judgment and imposed a sentence of three years' imprisonment, with all but sixty days suspended, and two years of probation. This appeal followed.

## II. DISCUSSION

[¶7] Bragdon contends that (1) the Superior Court erred in denying his motion to suppress because section 200-B provides the exclusive method by which the State can seek ISP records, and (2) it was therefore a violation of his due process rights for the State to obtain the records through the use of a grand jury subpoena. The court found that there was no violation of section 200-B because the statute's unambiguous use of the permissive "may" means that it provides an alternative way to seek ISP records, not the exclusive method for doing so.

[¶8] The court's finding that the statute is unambiguous is well-supported. *See Beckford v. Town of Clifton*, 2014 ME 156, ¶ 9, 107 A.3d 1124 (stating that a statute is to be construed de novo, with an examination beyond its plain meaning "only if it is ambiguous" (quotation marks omitted)). Section 200-B(2), like the rule of criminal procedure allowing a grand jury to issue a subpoena to obtain documentary evidence from a nonparty, uses the permissive "may." 5 M.R.S. § 200-B(2); M.R.U. Crim. P. 17A(a). That common word means "[t]o be allowed or permitted to," in contrast to another common word, "must," which means "[t]o

be required or obliged by law." Webster's II New College Dictionary 677, 722 (2001); *see State v. Brown*, 2014 ME 79, ¶ 13 n.5, 95 A.3d 82 ("Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common, and ordinary meaning, such as people of common intelligence would usually ascribe to them." (quotation marks omitted)).

[¶9] Had it wished, the Legislature could have made the section 200-B procedure mandatory by saying that if the State seeks to obtain records from an ISP, then it must comply with the statute. Nothing in the language that the Legislature chose says that, however. *See State v. Adams*, 2014 ME 143, ¶ 8, 106 A.3d 413 ("Statutory interpretation is a matter of law in which our primary purpose is to give effect to the intent of the Legislature. . . . If the statutory language is clear and unambiguous, we construe the statute in accordance with its plain meaning . . . ." (citation and quotation marks omitted)). When the Legislature intends to limit law enforcement's access to information to particular methods, it knows how to do so. *See, e.g.*, 16 M.R.S. § 642(1) (2014) ("A government entity may obtain portable electronic device content information directly from a provider of electronic communication service only in accordance with a valid warrant issued by a duly authorized justice, judge or justice of the peace . . . .").

6

[¶10] Bragdon makes too great a leap in asking us to construe the ordinary meaning of "may" to mean that the State *must* use the statutory method and is therefore barred from using a grand jury subpoena. We conclude that had the Legislature intended to curtail such a well-established and commonly-used practice, it would have said so. The trial court was therefore justified in finding that in this case "may" means "may." Because the statute is unambiguous, and the court correctly applied its plain meaning, it did not err in denying the motion to suppress.

The entry is:

Judgment affirmed.

---

**On the briefs and at oral argument:**

Darrick X. Banda, Esq., Law Offices of Ronald W. Bourget, Augusta, for appellant Steven W. Bragdon

Maeghan Maloney, District Attorney, Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2013-676
FOR CLERK REFERENCE ONLY