**STATE of Maine**

v.

**Armand ROSSIGNOL.**

Supreme Judicial Court of Maine.
Argued March 4, 1985.
Decided April 9, 1985.

Janet T. Mills, District Attorney, Mark A. Beede (orally), Asst. Dist. Atty., Auburn, for the State.

Weston Baker (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Armand Rossignol appeals from judgments of the Superior Court (Androscoggin County), entered on the jury's verdicts finding him guilty of: one count of unlawful sexual contact[1] in violation of 17-A M.R.S.A. § 255(1)(C) (1983) and two counts of simple assault in violation of 17-A M.R.S.A. § 207 (1983). Defendant argues that the Superior Court made several erroneous evidentiary rulings and that the Superior Court failed to define clearly the phrase, "corroborating evidence", used in the jury instructions. We find no error and deny the appeal.

## I.

Defendant was charged with intentionally subjecting the prosecutrix, his niece, to sexual contact at a time when the prosecutrix was not yet fourteen and defendant was more than three years older than the prosecutrix. *See* 17-A M.R.S.A.

§ 255(1)(C). Defendant also was charged with assaulting the prosecutrix by recklessly causing offensive physical contact on two separate occasions. *See* 17-A M.R. S.A. § 207. The prosecutrix was born in June 1968. She testified that in April 1980 at her family's house, defendant rubbed her breasts and vagina. She also testified the defendant fondled her breasts on January 1, 1983 and April 30, 1983. According to the prosecutrix's testimony, defendant did not have her consent for any of the incidents and ceased his behavior only after she told him to stop.

## II.

Defendant contends that the Superior Court committed reversible error in excluding lay testimony regarding the prosecutrix's state of mind. At some point prior to the incidents, the prosecutrix apparently had received counseling for various emotional problems from the YWCA Intervention Program. Defendant proposed to examine the prosecutrix's YWCA counselor about the prosecutrix's alleged lying, attention seeking behavior, use of drugs and alcohol, suicidal tendencies, and sexual experiences with a man other than defendant. At trial, defense counsel told the court that the counselor's testimony would be used to challenge the prosecutrix's credibility. The trial justice declined to admit the offered evidence. On appeal, the defense discards the credibility justification, substituting in its place an argument that the counselor's testimony would have shown that the prosecutrix was biased against defendant.

▆▆ The trial court committed no error in refusing to allow defendant to attack the prosecutrix's credibility by the proposed means. The credibility of a witness may be attacked by evidence of reputation for untruthfulness. *See* M.R.Evid. 608(a). As represented by defense counsel, however, the YWCA counselor's testimony

---

1. 17-A M.R.S.A. § 251(D) (1983) provides: " 'Sexual contact' means any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire."

would not have constituted evidence of the prosecutrix's reputation for untruthfulness. Rather, according to defense counsel, the counselor would testify as to specific instances of the prosecutrix's conduct that might reflect on her credibility. Under M.R.Evid. 608(b), extrinsic evidence of specific instances of a witness' conduct may not be used to attack the general credibility of that witness unless the conduct resulted in the conviction of a crime as provided in M.R.Evid. 609. Defendant presented no evidence that the prosecutrix has ever been convicted of any crime.

Furthermore, neither the prosecutrix's alleged attention seeking behavior nor suicidal tendencies were shown to be relevant to her character for truthfulness. In addition, defendant failed to demonstrate, as required by *State v. Cedre*, 314 A.2d 790, 799 (Me.1974), that the prosecutrix was under the influence of alcohol or drugs either at the time of the incident at issue, or at the time of the trial, or that the prosecutrix's ability to perceive, remember, and testify were significantly affected by drug and alcohol use. In addition, defendant's argument that M.R.Evid. 412 does not bar inquiry into all instances of a victim's past sexual behavior is unavailing in this case. Only in criminal cases in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, does Rule 412 expressly govern evidence of the victim's prior sexual behavior. The Advisory Committee Note to Rule 412 indicates that the language of Rule 412 was not meant to render automatically admissible evidence of prior sexual behavior in prosecutions for unlawful sexual contact. *See* Advisory Committee Note, Maine Reporter Vol. 449–458 at LXXI. Rather, admissibility of such evidence is determined by considerations of relevancy and impeachment. *See id.* (citing *State v. Davis*, 406 A.2d 900 (Me.1979)). The trial court did not abuse its discretionary power in the areas of relevancy and impeachment when it foreclosed inquiry into allegations concerning the victim's prior sexual behavior.

As to defendant's newly presented bias argument in support of the admissibility of his allegations, we note again that defendant's arguments at trial were directed solely to the issue of credibility, and that defendant made no offer of proof delineating the counselor's testimony. In these circumstances we do not reach the substance of defendant's theories of bias, but instead reject his argument as unpreserved on the record before us.

### III.

The prosecutrix testified that she did not report the incidents until April 1983 after she had seen a filmstrip in school on sexual abuse. She testified that while watching the filmstrip she became upset because it reminded her of what her uncle had been doing to her.

Defendant contends that the Superior Court committed reversible error in admitting the testimony of the prosecutrix's schoolteacher on the prosecutrix's reaction to the filmstrip on sexual abuse. When the State called the schoolteacher, defendant objected to his testimony on the ground of relevancy. The schoolteacher testified that the prosecutrix became "emotionally involved" and was "upset." On appeal, defendant contends that the schoolteacher's testimony was inadmissible extrinsic evidence of the prosecutrix's conduct presented to support her credibility. Defendant argues that the schoolteacher's testimony impermissibly lent added credibility to the prosecutrix's otherwise uncorroborated testimony, and therefore its admission was not harmless error.

As defendant's arguments imply, the schoolteacher's testimony was essentially the same as testimony the prosecutrix earlier gave on direct examination. Defendant did not object to the prosecutrix's own testimony that she became upset while watching the filmstrip on sexual abuse. What is more, on cross-examination of the prosecutrix, defendant asked questions which called into doubt the prosecutrix's credibili-

ty concerning her reaction to the filmstrip and her failure to report immediately defendant's misconduct. In these circumstances, where defendant failed to object on other than relevancy grounds, if the trial court committed any error, it was not manifest error.

## IV.

Lastly, defendant contends that the Superior Court's instructions to the jury constitute reversible error. Specifically, defendant argues that the trial court improperly failed to define the term "corroboration." In contrast to his other points on appeal, defendant raised precisely the same objection to the jury instruction at trial, as he does now on appeal. When viewed as a whole, however, the court's explanation of corroboration is legally sufficient.

The entry is:

Judgments affirmed.

All concurring.