**STATE of Maine**

v.

**JOHN C.**

Supreme Judicial Court of Maine.

Argued Jan. 9, 1986.

Decided Feb. 3, 1986.

Charles K. Leadbetter, Stephen L. Wessler (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Latty, French, Walker, Thrift & Goodrich, Robert N. Walker (orally), Yarmouth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

In the District Court (Wiscasset), sitting as the Juvenile Court, John C. was adjudicated as having committed the juvenile crime of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983). After the Superior Court (Lincoln County) denied his appeal, he appeals to the Law Court, contending that the Juvenile Court erred (1) in refusing to permit him to cross-examine the complainant concerning the details of allegations she made against the juvenile's father; (2) in refusing to permit him to present character witnesses in his behalf; and (3) in excluding the testimony of a defense witness regarding the complainant's character.

■ It was within the discretion of the Juvenile Court to limit the juvenile's cross-examination of the complainant to the existence and date of her prior charges against the juvenile's father where the evi-

dence could embarrass the witness, could consume an inordinate amount of time and was only collaterally relevant. *See* M.R. Evid. 403 & 611(a).

■ Furthermore, it was not obvious error to exclude the testimony of the juvenile's character witnesses where his offer of proof failed to establish that the witnesses would testify other than to the juvenile's veracity or truthfulness. *See* M.R. Evid. 103(a)(2). Such evidence is admissible only if the veracity of the witness has been attacked or if it is a pertinent trait to the crime charged. *State v. Wells*, 423 A.2d 221, 224–25 (Me.1980); M.R.Evid. 404, 405 & 608. That was not the case here.

■ Finally, it was not obvious error to exclude testimony regarding the complainant's character where the offer of proof indicated the testimony would relate to specific instances of conduct rather than to her reputation. *See State v. Rossignol*, 490 A.2d 673, 674–75 (Me.1985); M.R.Evid. 608.

The entry is:

Judgment affirmed.

All concurring.