STATE of Maine

v.

Jimmy RUEST.

Supreme Judicial Court of Maine.

Argued Jan. 10, 1986.

Decided March 14, 1986.

David W. Crook, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., William Baghdoyan, (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Mark S. Kierstead, P.A., Mark S. Kierstead, (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Jimmy Ruest appeals from the judgment of the Superior Court, Kennebec County, entered on a jury verdict of guilty on two counts of unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (Supp. 1985–1986) and one count of sexual abuse of a minor in violation of 17–A M.R.S.A. § 254 (1983 & Supp. 1985–1986).[1] He contends that the court erred in admitting evidence of prior sexual conduct involving the defendant and the victim. We hold that the evidence was properly admitted and affirm the judgment.

I

The minor victim lived with her mother, siblings, and the defendant, her stepfather. In October, 1977 the defendant had been convicted on his plea of guilty to the charge of rape of the victim and sentenced to more than one year of imprisonment. In November, 1983 the defendant was indicted

---

1. One count of unlawful sexual contact involved a victim under 14 years and thus constituted a Class C crime. § 255(1)(C), (2). The second count involved an offense when the same victim was past her 14th birthday and constituted a Class D crime. § 255(2). Sexual abuse of a minor is a Class D crime. § 254(3).

on the present charges. During the first trial of this case, the court ordered a mistrial when the victim referred to the defendant's prior imprisonment.

Following the mistrial, the defendant filed a motion in limine, pursuant to M.R. Crim.P. 12(c), requesting that the State be restrained from introducing any evidence of events that underlay the prior conviction of the defendant. The defendant argued that such evidence would be highly prejudicial to the defendant because of the defendant's inability to rebut it without opening the door to the State's introduction into evidence of his prior conviction. Although the record does not clearly indicate that the motion was granted, the transcript of the second trial strongly suggests that the court and the parties intended to conduct the trial within the parameters proposed in the motion.

The matter again came on for trial in September, 1984. As the State's sole witness the victim's testimony was confined to the acts charged in the indictment.

On direct examination by the defense the victim's mother testified as to her *opinion* of the victim's lack of truthfulness. She characterized the victim as a "compulsive liar." Over the objection of the defendant the witness was allowed to testify on cross-examination by the State that she was aware of the allegations made by the victim in 1977 that the defendant had sexually abused her, that she had not believed the victim, and that she was aware that the defendant had admitted the allegations. The State offered no evidence that the allegations resulted in a conviction of the defendant.

## II

■ The defendant argues that it was error to allow the State to use evidence of the defendant's prior acts under any circumstances because of their enormous prejudicial effect. We have repeatedly noted that our review of a ruling on the admissibility of evidence challenged as unfairly prejudicial focuses on whether there was

an abuse of discretion by the trial court. *State v. DeLong,* 505 A.2d 803 (Me.1986); *State v. Heald,* 393 A.2d 537, 542 (Me. 1978).

It seems evident in the instant case that throughout the State's case in chief the court had excluded any reference to the 1977 incident because the probative value of the evidence was outweighed by the danger of unfair prejudice to the defendant. M.R.Evid. 403. When, however, the defendant presented the testimony of the victim's mother that she did not believe the victim, who was a "compulsive liar," the allegations by the victim about the 1977 incident assumed a two-fold relevance. The episode tended to impeach the mother's credibility and, more importantly, tended to support the victim's credibility that had been attacked by her mother. *See* M.R. Evid. 608. This enhanced probative value made appropriate the court's reevaluation of the evidence to determine whether its probative value continued to be outweighed by other competing factors under M.R. Evid. 403. We utilized a similar analysis in *State v. Terrio,* 442 A.2d 537, 541 (Me. 1982), where we held that the trial court erred because the defendant had not "opened the door." In the instant case, the defendant did "open the door." The court properly determined that the probative value of the 1977 incident became more compelling by reason of the evidence offered by the defendant through the victim's mother. The trial court properly exercised its discretion in permitting the limited cross-examination of the victim's mother. We hold, therefore, there was no error in the admission of the evidence of the 1977 incident.

■ We must, however, modify the judgment as to Count II, sexual abuse of a minor, and Count III, unlawful sexual contact. Because these convictions involve Class D crimes, the term of imprisonment for each must be less than one year. 17-A M.R.S.A. §§ 254(3), 255(2), 1252(2)(D). Accordingly, we direct the Superior Court to modify the judgment on Count II and

Count III to impose a sentence of 364 days respectively.

The entry is:

Judgment on Count I affirmed. Judgment on Count II and Count III affirmed as modified.

All concurring.