STATE of Maine

v.

Fred ADAMS, III.

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 1988.
Decided July 8, 1988.

---

David W. Crook, Dist. Atty., William Baghdoyan, Asst. Dist. Atty., Skowhegan, for plaintiff.

Richard W. McCarthy, Burky & Wiers, Hartland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

HORNBY, Justice.

The Defendant, Fred Adams, appeals his conviction for gross sexual misconduct, unlawful sexual contact and criminal threatening, 17–A M.R.S.A. § 253(1)(A) and (B), § 255(1)(C), § 209(1) (1983). We affirm.

The trial court did not err in admitting testimony of the victims' mother concerning their report of sexual abuse. This relationship of the witness to the victims does not affect our holding in *State v. True*, 438 A.2d 460, 464 (Me.1981), that the making of a complaint is admissible as part of the State's case in chief.

Neither did the court abuse its discretion in excluding evidence of a victim's drug use. Such evidence was inadmissible because the Defendant did not demonstrate that the victim was under the influence of drugs at the time of the alleged acts or at the time of trial, or that the victim's ability to perceive, remember and testify were significantly affected by the drug use. *State v. Rossignol*, 490 A.2d 673, 675 (Me.1985); *State v. Cedre*, 314 A.2d 790, 798–99 (Me. 1974).

There was likewise no error in the ruling limiting the Defendant's impeachment of a victim. The trial court properly excluded as irrelevant under M.R.Evid. 401 evidence concerning the minor victim's jovial conduct outside the courtroom on the day before his tearful testimony which the Defendant wished to impeach.[1]

---

1. Although the State's brief treats the conduct as having occurred during a lunch break between the victim's direct and cross-examinations, the record indicates that defense counsel was referring to, and that the court ruled upon, the victim's conduct on the day preceding his testimony.

The Defendant also offered evidence of a victim's sexual activity with the Defendant's minor daughter and an ensuing death threat by the Defendant against the victim. This evidence, the Defendant argues, demonstrated that the victim had a motive to fabricate the Defendant's sexual activity with him. The trial court excluded the evidence of the victim's sexual activity under M.R.Evid. 403 and 412 but offered to admit the testimony concerning the death threat with an explanation that the circumstances surrounding the threat were not relevant and a limiting instruction that the threat could only be considered on the issue of the victim's bias. The Defendant declined to present the evidence as limited.

The ruling did not abuse the wide discretion the trial court possesses under Rule 403. *See State v. LeClair*, 425 A.2d 182, 186 (Me.1981). Evidence of the threat and its circumstances may have been relevant to a jury assessing the victim's bias, but the testimony about the victim's sexual relations with another minor also carried the substantial risk of confusing the issues concerning this Defendant's culpability for the crimes with which he was charged. The court's offer to allow testimony concerning the threat, but excluding the sexual activity with an explanation and a cautionary instruction, was a reasonable resolution of the conflict and well within its discretion under Rule 403. We need not therefore decide whether the testimony was also precluded under Rule 412.

The entry is:

Judgment affirmed.

All concurring.