**STATE of Maine**

v.

**Guadalupe ANGUIANO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 1996.

Decided March 8, 1996.

Norman R. Croteau, District Attorney, Kevin J. Regan, Assistant District Attorney, Auburn, for the State.

Weston Baker, Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Guadalupe Anguiano appeals from the judgments of conviction entered in the Superior Court (Androscoggin County, *Bradford, J.*) on jury verdicts finding him guilty on two counts of gross sexual misconduct (Class A) in violation of 17-A M.R.S.A. § 253 (Supp. 1995) and one count of burglary (Class B), 17-A M.R.S.A. § 401 (1983 & Supp.1995). Anguiano argues that the court erred in excluding from evidence inconsistent statements made by the victim regarding her loss of virginity. We affirm the judgments.

Prior to the trial, Anguiano filed a motion *in limine* requesting permission to question the victim to confirm that she had told a police officer that she had lost her virginity when she was compelled to have sexual intercourse with Anguiano. He also sought to present testimony from an acquaintance of the victim that the victim told her that she, the victim, had lost her virginity by another person, allegedly under similar circumstances of force. The motion stated that the latter statement would be inconsistent with the victim's trial testimony. After a hearing, the court delayed its ruling, stating that unless the victim testified about her loss of virginity, the issue would not be generated. That is-

**596**

sue was not raised at the trial, and Anguiano's request to present the disputed testimony was therefore denied by the court.

■■■ Anguiano contends that the court erred in excluding the testimony regarding the victim's inconsistent statements as to how she lost her virginity. The court excluded the statements pursuant to M.R. Evid. 403 because their probative value was outweighed by "getting into a collateral matter in this case." We review a trial court's decision to exclude evidence for an abuse of discretion. *State v. Robinson,* 628 A.2d 664, 666 (Me.1993).

■■■ If the State had raised the issue of virginity during the victim's direct examination, that might have opened the door to contradictory evidence. *See State v. Leonard,* 513 A.2d 1352, 1354–55 (Me.1986). Had the State done so, the proffered contradictory evidence would have been subject to a Rule 403 evaluation. It is well established, however, that a witness cannot be cross-examined on collateral matters for the purpose of subsequently contradicting the testimony and impeaching the witness. *State v. Gullifer,* 384 A.2d 48, 50 (Me.1978); *State v. Lewisohn,* 379 A.2d 1192, 1202 (Me.1977); *Ware v. Ware,* 8 Me. 42, 53 (1831). The test for determining whether evidence is collateral is whether the fact could have been proved for any purpose in the absence of a contradiction. Field & Murray, *Maine Evidence* § 607.4, at 6.32 (3d ed. Supp.1994). At the trial, Anguiano admitted to having sexual intercourse with the victim, making the only issue in the case whether the act was compelled. The question whether she lost her virginity is irrelevant and therefore collateral.

That the court analyzed the issue pursuant to M.R. Evid. 403 instead of M.R. Evid. 401 does not affect the propriety of its exclusion of irrelevant evidence. Other issues raised by Anguiano require no discussion.

The entry is:

Judgments affirmed.

All concurring.