STATE OF MAINE                              SUPERIOR COURT
PENOBSCOT, ss                               DOCKET NO. CR-03-482

THOMAS J. HART                    )
          Petitioner              )
                                  )
                                  )
vs.                               )         DECISION ON PETITION
                                  )         FOR POST-CONVICTION RELIEF
                                  )
                                  )    ┌─────────────────────────────┐
STATE OF MAINE                    )    │   FILED & ENTERED           │
          Respondent              )    │   SUPERIOR COURT            │
                                       │      FEB 1 0 2006           │
                                       │                             │
                                       │  PENOBSCOT COUNTY           │
                                       └─────────────────────────────┘

Pending before the court is the Petitioner's Petition for Post-conviction Relief.

The Petitioner contends that he was denied the effective assistance of counsel and he

seeks a new trial. For the reasons set forth herein, the court denies the Petition.

## I.    Ineffective Assistance of Counsel

In order to establish that he was denied the effective assistance of counsel, the

Petitioner must prove two things. First, he must demonstrate that the performance of his

attorney was below that of an ordinary fallible attorney and second, he must demonstrate

that his attorney's performance was prejudicial in that it deprived the Petitioner of a

substantial ground of defense or likely affected the outcome of the trial, sentencing or

appeal. *See State v. Brewer*, 1997 ME 177, ¶¶ 19-20, 699 A.2d 1139, 1144.

In this case, the Petitioner was charged with Gross Sexual Assault (Class A)

(Count 1) and Sexual Exploitation of a Minor (Class B) (Count 3). Before January 31,

2003, a person was guilty of gross sexual assault

> "if that person engages in a sexual act with another person and:
>     . . . .

1

B.   The other person, not the actor's spouse, has not in fact attained the age of 14 years.   17-A M.R.S.A. § 253(1)(B) (1983) *amended by* P.L. 2003, c. 711, § B-2 (effective January 31, 2003).

Before January 31, 2003, a person was guilty of sexual exploitation of a minor if:

> Knowing or intending that the conduct will be photographed, he intentionally or knowingly employs, solicits, entices, persuades, uses or compels another person, not his spouse, who is in fact a minor, to engage in sexually explicit conduct . . . .17 M.R.S.A. § 2922(A) (1983), *repealed by* P.L. 2003, ch. 711, § B-1 (effective January 31, 2003).

At trial of this matter, the State introduced four photographs of the Petitioner engaging in sexual acts with the victim. At least one of these clearly showed the Petitioner with the penis of a young boy in his mouth. The State called a young man to the stand who testified that he had taken the pictures and that the Petitioner had threatened to hit him with a hammer if he did not do so. Evidence at trial also clearly established that the victim was under the age of fourteen at the time the pictures were taken. The state introduced additional evidence establishing that the pictures came from the Petitioner's camera; that the Petitioner delivered the film for development at a local photo development business.[1] The same witness testified that the Petitioner had offered him and the victim money, alcohol and cigarettes in exchange for sexual acts. Furthermore, the Petitioner elected to testify and while on the witness stand, admitted to engaging in the sexual acts. He claimed that the two minors were "male prostitutes" and drug-dealers, that they had drugged him. He also testified that he believed that pictures of other sex acts were missing from the State's evidence in an apparent attempt to argue that those pictures were from another roll of film.

---

[1] The store clerk whose job it was to develop prints called police upon discovery of the contents of Petitioner's camera. The clerk turned the photos and the negatives over to police.

The Petitioner's trial counsel had attempted to demonstrate that the Petitioner was incompetent to stand trial. After hearing, court determined that the Defendant met at least minimal standards of competency. The jury returned a guilty verdict on both counts.

## II.     Pre-trial

In his amended petition, the Petitioner alleges a variety of reasons why his attorney was ineffective. All of his contentions are without merit as the Petitioner has failed to satisfy one or both of the prongs of the ineffective assistance of counsel standard.

### 1.     Failure to Conduct Adequate Pretrial Investigation, Interview Witnesses or Utilize Court Funds

At hearing of the petition, no evidence was presented concerning the allegation that his trial counsel did not use court funds, so the court determines that this ground is abandoned except as addressed herein. The Petitioner also argues that his attorney failed to call witnesses that would have bolstered his claims that the victims were actually male prostitutes and drug dealers. He argues that a properly utilized private investigator would have uncovered facts consistent with the Petitioner's version of events. Trial counsel testified that he made the best efforts that he could to find the witnesses that Petitioner wanted at his trial but that he was largely hampered in this effort by the Petitioner's refusal to tell him who those witnesses were.[2] Trial counsel acknowledged that he had a difficult relationship with the Petitioner who would wax and wane in his desire to be represented by trial counsel or not. Sometimes the relationship was good; sometimes it

---

[2] The Petitioner was held for his inability to make bail prior to trial and made several attempts to persuade the court to release him on lesser bail so that he might find his own witnesses. He maintained that he was the only one who would be able to go the places in Bangor where it was likely that these people could be found. At the bail hearing, this court rejected that suggestion.

was not.[3] At the time of trial, this court was satisfied that the lawyer/client relationship was sufficient to permit trial counsel to perform his professional responsibilities.

Irrespective of whether trial counsel's performance was deficient, if he had somehow managed to succeed in locating the "missing witnesses" and determined that they were in fact male prostitutes, such evidence would not have been admissible at trial. Engaging in a sexual act with a person under the age of 14 is a crime whether that person is a male prostitute or not. Accordingly, attacking the character of the victims in this manner would not constitute a valid defense to Gross Sexual Assault or Exploitation of a Minor. For this reason, the Petitioner cannot establish the "prejudice" prong for this claim.

### 2. Failure to Pursue Motion to Suppress

A reading of the docket reveals that a motion to suppress was filed by one of the Petitioner's first attorney's and withdrawn by a subsequent attorney on January 31, 2002. Trial counsel entered his appearance on the Petitioner's behalf after that date and therefore, he could not be charged with a failure to pursue the motion to suppress.

In any event, the Petitioner was not prejudiced by any alleged failure in this regard. The Petitioner's argument at the evidentiary hearing was that the motion to suppress revolved around the Petitioner's interview with police. He argues that when the Petitioner stated "Ok, let's go then" that that was an exercise of his right to remain silent and that any subsequent statements should have been suppressed in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966). This court finds that the motion was without legal merit in that this statement was not equivocal enough for the police to have been

---

[3] The Petitioner acknowledged that there were times that he refused to meet with his attorney. The docket reflects that the court appointed a series of attorneys to represent the Petitioner on these charges and that all except trial counsel sought to withdraw because of difficulties in working with the Petitioner.

legally required to end the interrogation immediately. *See State v. King*, 1998 ME 60, ¶ 9, 708 A.2d 1014, 1016-17. The court concludes that the Petitioner was not prejudiced by any attorney's failure to pursue the motion to suppress.

### 3. Failure to Prepare Petitioner for Trial

Trial counsel testified that he made repeated attempts to contact and prepare the Petitioner for trial and that the Petitioner refused to speak with or contact him. This court finds the testimony of trial counsel to be credible. There is no evidence to support any finding that trial counsel failed to meet his obligations in this regard or that the Petitioner was prejudiced by any lack of preparation for trial.

### 4. Failure to Review State's Photographs for Authenticity

The Petitioner acknowledged during his trial testimony that he was the person in the photographs and that he was engaged in the sexual activity depicted but at the same time, he appears to offer the argument that the photographs were not authentic. The State called a witness to testify as to their authenticity. Trial counsel effectively cross-examined the witness in an effort to hold the State to its burden of establishing the authenticity of the photographs. In support of his point, the Petitioner contends that some photos were missing.[4] However, clearly the State was not required to admit all of the pictures contained in the roll. There was no good faith basis to suggest that the photographs were somehow doctored. With the photos clearly depicting the Petitioner, trial counsel also did not err in deciding not to cross-examine the young boy who was alleged to have taken the photographs. Pursuing that strategy might have accomplished

---

[4] The Petitioner does not argue that the State spoiled evidence or withheld exculpatory evidence. He simply argues that there were other photos on the film roll and they were not produced thereby suggesting something untoward happened to the rest of them. The court recalls no explanation for "missing pictures" at trial, other than the obvious one that these were all that the prosecutor brought with him to introduce.

little more than alienating the jury. The court will not second-guess that tactical trial decision. Ultimately the court finds that the photographs were clearly admissible and would have been entered into evidence in any event. Consequently, the Petitioner can demonstrate no prejudice flowing from the allegations of deficient performance that he makes.

5. *Failure to Investigate Backgrounds of Juvenile Victim or Witnesses for Impeachment Purposes*

The Petitioner makes identical arguments in regards to the backgrounds of the victims and witnesses. As previously stated, these arguments are without merit. Further, the Petitioner has not demonstrated any prejudice. His version of events would have only proven the State's case.

## III. Trial

1. *Failure to Call Witnesses designated by Petitioner, Failure to Subpoena Victim and Alleged Constitutional Violation*

The Petitioner's argument in regards to witnesses and victims has already been addressed. The Petitioner's argument concerning an alleged constitutional violation is also without merit. He argues that his trial counsel violated his constitutional rights by failing to subpoena the victim and avail himself of his constitutional right to confront his accuser.[5] However, as noted at the evidentiary hearing, this right cannot be violated by his attorney but only by the court, prosecutor or other government entity. The fact remains that, given the nature of the evidence, the State did not have to call the victim to prove its case. The Petitioner was entitled to confront and cross-examine any witness

---

[5] The victim did not testify at trial. The State relied upon the victim's mother, another young boy present at the time of the underlying occurrences and the photographs to establish its case.

called to give evidence against him, but he has no right to determine who those witnesses will be. This argument is without merit.

2. *Failure to Object to the Number and Source of Photographs Offered by the State*

The court has already addressed this issue above and found this allegation to be without merit. As to the issue of prejudice, this argument is also without merit. *See infra* "Appeal."

3. *Failure to Adequately Cross-Examine and Impeach Witnesses*

The record reveals that trial counsel conducted more than adequate cross-examinations of the State's witnesses when necessary. The fact that his attorney did not ask them the questions he would have asked, in an attempt to prove his theory of the case, did not prejudice him as the Petitioner's approach to cross examination would have only served to prove the State's case.

4. *Failure to Present Adequate Theory of Defense and Rebuttal of State's Case*

As stated above, the Petitioner's theory of the case would have proven the State's case and this court finds that trial counsel's arguments concerning competency were the best case that the Petitioner could use to defend himself. The fact that this argument was, ultimately, to no avail, does not make it inadequate. The Petitioner was faced with overwhelming evidence of his guilt and trial counsel efforts to defend his client met the required professional standard.

## IV.  Sentencing

1. *Inadequate Presentation at Sentencing Hearing*

*Mitigation, Character Witnesses, Mental Health Witnesses, Comparative Cases, Pre-Sentence Report, Sentencing Memorandum and Preparation of Petitioner*

At hearing of this petition, trial counsel credibly testified that he had asked the Petitioner for character witnesses. The Petitioner offered only his mother. The Petitioner argues that he also offered the name of his landlord. The court does not find the Petitioner to be particularly credible but even if the Petitioner had tendered this person's name, the court finds that the potentially mitigating testimony of his landlord would not have helped him a great deal in such a serious case as this. The court concludes therefore that the Petitioner was not prejudiced by his absence.

Furthermore, the court finds that trial counsel prepared the Petitioner and his mother the best that he could. From the court's own assessment of the Petitioner and his mother, this court does not believe that trial counsel could have prepared or "coached" them to say anything different or to say it any other manner other than what they did. The court finds that trial counsel's presentation was otherwise adequate to address the relevant issues of mitigation and the Petitioner has not demonstrated how the sentence was out of proportion or that a pre-sentence investigation or memorandum would have changed or altered the outcome of the sentencing. In other words, the Petitioner has not shown how he was prejudiced by his attorney's alleged failures at sentencing or how he could have made a better presentation under the circumstances.

## V.     Appeal

The Petitioner argues that his attorney failed to notify him of the deadline for appealing his conviction; failed to provide guidance for his appeal and failed to notify him of his right to court-appointed counsel.

The Petitioner testified at the evidentiary hearing that he was aware of his right to appeal his conviction, even if he only received notice from the court clerk of his rights to appeal his sentence. He also testified that he was aware of his right to a court-appointed attorney to prosecute his appeal.

However, in the alternative, the Petitioner also had to demonstrate that he was prejudiced by any alleged failure of his attorney to provide effective assistance of counsel in regards to his conviction appeal. The court finds that there would have been potentially three issues that would have been the proper subject of appeal. First, the Petitioner could have argued that the court erred in finding that the Petitioner was competent to stand trial However, the court finds that the Petitioner has not demonstrated any basis to show that the Law Court would not have supported the court's factual finding that the Petitioner was competent to stand trial. It was the Petitioner's burden to show that this potential issue would have been of some merit and the Petitioner did not do so. Second, the Petitioner objected to the admission of the photographs and argued that they were unfairly prejudicial in violation of M.R. Evid. 403. However, once again, the Petitioner has failed to show how this argument would have been of any merit on appeal. While pictures of the Petitioner engaging in sexual acts with children are very damaging to his case, they were not *unfairly* prejudicial, as required by M.R. Evid. 403. Photographs of the Petitioner engaging in the very crimes that he was accused are highly probative and relevant. Finally, even if there was a danger or unfair prejudice, given the relevance of the photographs, any danger of unfair prejudice did not substantially outweigh their probative value. Finally, even if the Petitioner could make an argument that the court's decision violated M.R. Evid. 403, the Law Court would review the court's

9

decision for an abuse of discretion. *State v. Robinson*, 2002 ME 136, ¶ 11, 803 A.2d 452, 456. Third, the Petitioner's failure to object to the photographs on grounds of authenticity did not prejudice the Petitioner. The court finds that the Petitioner has failed to show any rational basis to believe that the photographs were anything but authentic.

The court concludes that the Petitioner has failed to demonstrate that he had any viable issue on appeal that was lost to him as the result of his attorney's performance and accordingly, he cannot demonstrate prejudice.

## CONCLUSION

Accordingly, the Petitioner's request for relief in his petition for post-conviction review is DENIED.

Dated: February 9, 2006

E. Allen Hunter
Justice, Superior Court



CLERK'S OFFICE

# Superior Court

97 Hammond Street
Bangor, Maine 04401
207-561-2300


ATTORNEY FOR PETITIONER

WILLIAM PAGNANO
431 MAIN ST
ROCKLAND   ME   04841


ATTORNEY FOR STATE

MICHAEL ROBERTS
DEPUTY DISTRICT ATTORNEY
OFFICE OF THE DISTRICT ATTORNEY
97 HAMMOND ST
BANGOR   ME   04401